OPINION OF THE COURT
Martin Stecher, J.
The plaintiff seeks an order restraining the defendants, pendente lite, from seeking to remove him from the office premises now occupied and for collateral relief including an order temporarily enjoining the defendants “from interfering with the facilities and services, including but not limited to, telephone and photocopying facilities, Currently used by plaintiff in connection with his occupancy” of the space at issue.
The plaintiff is an attorney and is the former partner in the defendant partnership and of the individual defendants. The partnership was the successor sublessee under a sublease made by Burlington Industries, Inc., as sublessor by agreement dated April 12,1976. By its terms including renewal options the lease may run to 1994.
The facts are not in substantial dispute. The plaintiff Londin has withdrawn from the firm. Whether he withdrew on April 30, 1982, as he contends or in 1980, as some of the defendants contend is not relevant to this motion. It *1014 is clear, however, that he has withdrawn from the partnership and accordingly the partnership is in dissolution (Partnership Law, § 60). The partners have sought to negotiate their differences but their negotiations have been unsuccessful. Since the dissolution of the partnership the plaintiff has remained in possession of the room in the suite which he occupied prior to dissolution and has made use of all of the facilities of the partnership since his withdrawal. He has in no way contributed to the payment of rent or for other expenses such as receptionist, telephone operators, filing space, duplicating machines and the like, contending apparently that the obligations of the partnership to him exceed any obligation of his to them. These relative obligations are not explored by any of the parties in the papers.
Since the withdrawal of the plaintiff from the partnership, the defendants have formed a new partnership and contend here that this new partnership is the “successor” to the partnership of which Mr. Londin was a member, and is entitled to its prerogatives, including possession of the space leased from Burlington Industries. These defendants contend that this new partnership is a necessary party and that this action cannot proceed without joinder of this necessary party (CPLR 1001, subd [a]; 1003).
The defendants have informed the plaintiff of their intention to evict him from the suite and it is this notice which gave rise to the motion for injunction in this action for an accounting and other relief.
The defendants are in error in their dependence upon the rights of the “successor” partnership. In order to succeed to the property rights of the prior partnership, those property rights must be devolved upon this new entity by grant, purchase, or operation of law. It does not appear from the papers that any of these things has occurred.
An estate in real property may be acquired in a partnership name; but “[tjitle so acquired can be conveyed only in the partnership name” (Partnership Law, § 12, subd 3). A “partner is co-owner with his partners of specific partnership property holding as a tenant in partnership” (Partnership Law, § 51, subd 1); and thus “has an equal right with his partners to possess specific partnership property for *1015 partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners” (Partnership Law, § 51, subd 2, par [a]). “A partner’s right in specific partnership property is not [available] except in connection with the assignment of the rights of all the partners in the same property” (Partnership Law, § 51, subd 2, par [b]).
It is thus clear that Mr. Londin is a “tenant in partnership” in all of the tangible property which belonged to the partners at the time of dissolution, including the estate in real property, that is, the lease holding, and that neither his rights therein nor the rights of his other partners could be assigned except on consent of all members of the partnership in dissolution.
(It is true, of course, that if there was an agreement to the contrary such agreement would be enforceable; but this partnership apparently never had a written agreement.)
Obviously, Mr. Londin’s continued use of his office is not “for partnership purposes;” but then neither is the occupancy of his former partners or their new partnership being conducted for the benefit of the partnership in dissolution. While the papers again are unclear as to the activities of the occupants of this suite, whether each is working exclusively for his own benefit or in part for the benefit of the dissolved partnership, it is likely that the occupancy and utilization of all facilities does not come within the meaning of section 51 (subd 2, par [a]) of the Partnership Law.
It appears likely that the present dispute between the plaintiff and the defendants is-the plaintiff’s contention that on dissolution he is entitled to have valued the lease on the partnership property. This space in a prime area of midtown Manhattan is occupied at a cost of about $15 per square foot at a time when comparable space rents for $35, $40 or more per square foot. Whether the partnership in dissolution has a right to assign or further sublet the entire space is not clear but it does appear likely even if there is no right to sublet or assign this lease, the right to remain in desirable quarters at a rental far below current market rentals may be an asset to be apportioned on the winding up of the partnership affairs.
*1016 This partnership has been in dissolution for at least two years and perhaps four years and as it appears likely the partners have reached an impasse, the parties should proceed to a winding up by agreement if possible, or if not, by resort to the court (Partnership Law, § 68).
In the interim, however, in the interests of all of the members of this partnership, in dissolution a reasonable status quo should be maintained. The condition of the temporary restraining order granted by me during oral argument and incorporated in an order signed at the time of oral argument obligated the plaintiff to contribute to the costs and expenses of the suite in which he currently remains by paying $2,500 per month, monthly in advance, starting as of February 1,1984. If the parties believe these figures to be inadequate or excessive in terms of current expenses, a hearing may be had before a referee on that issue. Pending determination of this suit, however, or any modification of that sum, the injunction hereafter set forth shall be conditioned upon the plaintiff continuing to make such payments during the pendency of this trial.
The motion for a preliminary injunction is granted. The parties are urged to bring their undesirable state of affairs to an early resolution by resort to the court if they cannot agree among themselves.
Settle order providing for an undertaking in accordance with the provisions of CPLR 6312 (subd [b]). I shall consider the amount of the undertaking on any written application made at the time of the settlement of the order.